UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:21-cr-121-CEH-JSS

VIRGILIO VALENCIA-GAMBOA,
CRISTIAN VIERA-GONGORA, and
PABLO DAVID ZAMORA-
MIRANDA
_____/

## ORDER

This cause comes before the Court upon the United States' Motion for Judicial Determination that the Vessel at Issue was Subject to the Jurisdiction of the United States (Doc. 83). Defendants indicated during an October 26, 2021 status conference that they do not oppose the motion. Upon consideration, the Court will grant the motion.

## DISCUSSION

The Government seeks a judicial determination that the vessel in this action was subject to the United States' jurisdiction at the time of interdiction. Doc. 83 at 1.

Earlier orders discuss the factual and procedural background of this criminal action extensively. Docs. 93, 111. The indictment charges Defendants with violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 *et seq.* ("MDLEA"). *See* Doc. 1 at 1–2. Under the MDLEA, "[j]urisdiction of the United States with respect to a vessel . . . is not an element of an offense"; instead, "[j]urisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the

trial judge." 46 U.S.C. § 70504(a). The MDLEA provides that an individual, while on board a "covered vessel," may not knowingly or intentionally possess with intent to distribute a "controlled substance."[1] *Id.* § 70503(a)(1). The MDLEA defines "covered vessel," in relevant part, as meaning "a vessel of the United States or a vessel subject to the jurisdiction of the United States." *Id.* § 70503(e)(1). The Government asks the Court to determine that the vessel was subject to the jurisdiction of the United States. Doc. 83 at 1. Under § 70502, the term "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). In turn, the term "vessel without nationality" includes "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). Finally, "[t]he response of a foreign nation to a claim of registry . . . may be made by radio, telephone, or similar oral or electronic means, and is proved conclusively by certification of the Secretary of State or the Secretary's designee." *Id.* § 70502(d)(2).

Here, according to Coast Guard Commander Brian Chapman's certification under the MDLEA, the master of the vessel verbally claimed Colombian nationality for the vessel. Doc. 25-1 at 2. The vessel displayed the name "VICTTORIUS" and "CP01" on its hull. *Id.* Chapman's certification indicates that the Government asked the Republic of Colombia's government to confirm or deny the vessel's registry and, if

---

[1] Also, a person who attempts or conspires to violate § 70503 is subject to the same penalties as provided for violations of that section. 46 U.S.C. § 70506(b).

confirmed, grant authorization to board and search the vessel. *Id.* In response, the Republic of Colombia advised that it could neither confirm nor deny the vessel's registry or nationality. *Id.* As such, the Government determined that the vessel was subject to the United States' jurisdiction under 46 U.S.C. § 70502(c)(1). *Id.* at 4. Chapman states that the Secretary of State designated him, in his official capacity, to make certifications under § 70502. *Id.* at 2. A certificate by the Secretary of State accompanies Chapman's certification. *Id.* at 3.

The vessel was subject to the United States' jurisdiction at the time of interdiction. Because Chapman is an appropriate designee of the Secretary of State, his certification conclusively proves, in accordance with the MDLEA, that the Republic of Colombia's government responded that it could neither confirm nor deny the vessel's registry or nationality. As a result, the Republic of Colombia's government "d[id] not affirmatively and equivocally assert" that the vessel was of Colombian nationality. 46 U.S.C. § 70502(d)(1)(C). Due to the absence of such assertion from the Republic of Colombia's government, which followed the master of the vessel's earlier representation that the vessel was of Colombian nationality, the vessel was a "vessel without nationality" and, therefore, a "vessel subject to the jurisdiction of the United States." *Id.* § 70502(c)(1)(A), (d)(1)(C). And because the vessel was a "vessel subject to the jurisdiction of the United States," it was a "covered vessel" under the MDLEA. *Id.* §§ 70502(c)(1)(A), 70503(a).

The Eleventh Circuit has upheld a district court's determination that a vessel was a "vessel without nationality," and therefore a vessel within the jurisdiction of the

United States under the MDLEA, when faced with a certification similar to Chapman's certification. *See United States v. Hernandez*, 864 F.3d 1292, 1298–99 (11th Cir. 2017). Finally, Defendants do not object to the requested relief.

Accordingly, it is **ORDERED**:

1. The United States' Motion for Judicial Determination that the Vessel at Issue was Subject to the Jurisdiction of the United States (Doc. 83) is **GRANTED**.

2. As a matter of law, the subject vessel was subject to the jurisdiction of the United States, as provided for in the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 *et seq.*, at the time it was interdicted by United States authorities.

**DONE AND ORDERED** in Tampa, Florida on October 27, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any